# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

KELVIN L. BELL                                                    PETITIONER

v.                                                    CAUSE NO. 1:18CV179-LG-RHW

JACQUELYN BANKS,
**Superintendent**
**for South Mississippi**
**Correctional Institution**                                     RESPONDENT

## ORDER DENYING PETITIONER'S MOTION
## TO STRIKE RESPONDENT'S ANSWER

**BEFORE THE COURT** is the petitioner Kelvin L. Bell's [7] Motion to Strike

the respondent's answer. The respondent filed a response in opposition to the

Motion, but the petitioner did not file a reply. After reviewing the submissions of

the parties, the record in this matter, and the applicable law, the Court finds that

the petitioner's Motion to Strike should be denied.

## BACKGROUND

After a jury convicted the petitioner of two counts of aggravated assault-

domestic violence, the Circuit Court of Warren County, Mississippi sentenced him

to twenty years in the custody of the Mississippi Department of Corrections with

fifteen years to serve, five years suspended, and five years of post-release

supervision. The petitioner appealed his conviction and sentence, and he sought

release pending appeal, which was denied by both the trial court and the

Mississippi Court of Appeals. The petitioner, who is represented by counsel, then

filed the present petition for writ of habeas corpus alleging that the state courts

improperly used his mental illness as grounds to deny him bail pending appeal. He has attempted to file claims for (1) denial of his equal protection and due process rights under the United States Constitution and (2) violation of the Americans with Disabilities Act.

## DISCUSSION

The petitioner asks the Court to strike the respondent's answer to his petition because the answer references 28 U.S.C. § 2254. According to the petitioner, his claims must be considered under 28 U.S.C. § 2241 and he will be prejudiced if the Court applies § 2254. The petitioner argues that he is not attacking his state court conviction or sentence in his habeas petition; rather, he is contesting the state court's denial of bail pending appeal.

"The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the Courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). Nevertheless, a Rule 12(f) motion can be granted when a defense is insufficient as a matter of law. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

In *Hartfield v. Osborne*, 808 F.3d 1066 (5th Cir. 2015), the Fifth Circuit addressed the question of "[w]hether § 2254 governs a habeas application when the

petitioner is currently in custody pursuant to a state court judgment, but was not at the time of filing . . . ." *Id.* at 1071. The court found that Hatfield's arguments that the court should not recharacterize his petition as one brought under § 2254 were unpersuasive, because "[t]he question is not whether his petition may be recharacterized as brought under § 2254, but whether § 2254 applies to his petition in addition to § 2241." *Id.* at 1073. The court held that "the plain language of § 2254 includes Hartfield's current petition for a writ." *Id.* at 1071. District court cases construing *Hartfield* have held, "The statutory requirements of § 2254 apply any time a state court prisoner files a habeas case in a federal district court. To hold otherwise would create an avenue allowing state prisoners to evade the requirements of § 2254 . . . ." *Miller v. Stephens*, No. 2:14cv0103, 2017 WL 3142402, at 5 (N.D. Tex. June 15, 2017); *see also Thomley v. Stephens*, No. 3:13cv309, 2016 WL 1644378, at *2 (S.D. Tex. Apr. 21, 2016)).

In the present case, the petitioner is in custody pursuant to a state court judgment. Therefore, references to § 2254 in the respondent's Answer are not insufficient, immaterial, or otherwise improper under Fed. R. Civ P. 12(f). The petitioner's Motion to Strike must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the petitioner Kelvin L. Bell's [7] Motion to Strike the respondent's answer is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE